Ryan Raybould
United States Attorney
David G. Adams
Assistant United States Attorney
State Bar No. 00793227
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8807
david.adams4@usdoj.gov
Attorneys for United States of America
Department of Education

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE:<br><br>JACOB ALEXANDER WITKOWSKI,<br>Debtor | Case Number: 26-41738−ELM-7<br>(Chapter 7) |
| JACOB ALEXANDER WITKOWSKI,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br>Defendant. | Adv. No. 26-04076-ELM |

**JOINT MOTION TO STAY AND CONTINUE PROCEEDINGS,**
**AND REQUEST FOR JANUARY 4, 2027 STATUS CONFERENCE**

**TO THE UNITED STATES BANKRUPTCY JUDGE:**

The Parties, by and through their undersigned counsel, jointly move the Court for a stay of proceedings to January 4, 2027, and respectfully request a status conference with the Court on January 4, 2027 at 1:30 p.m. in lieu of trial docket call in order to allow the parties to proceed with the process to determine whether this case is appropriate for a stipulated dismissal of discharge and to advise the Court of the status of the Attestation process. As set forth below, the

parties submit that good cause exists to continue the stay of the proceedings in this adversary to allow the government sufficient time for its review of the Plaintiff's discharge claim.

On November 17, 2022, the Department of Justice (DOJ), in cooperation with the Department of Education ("DOE" or "Education"), announced a new process under which DOJ attorneys, including Assistant U.S. Attorneys (AUSAs), will evaluate student loan discharge actions filed in bankruptcy proceedings. *See generally*, Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation (Nov. 11, 2022) (Guidance), *available at* https://www.justice.gov/d9/pages/attachments/2022/11/17/student_loan_discharge_guidance_-_guidance_text_0.pdf. While the bankruptcy judge makes the final decision whether to grant a discharge, the Guidance provides a mechanism under which DOJ attorneys play an important role in that decision by supporting discharge in appropriate cases.

The legal standard and basic process for seeking discharge is unchanged. Within the debtor's bankruptcy, an adversary proceeding must be initiated by the filing of a complaint to determine dischargeability of debt under Section 523(a)(8), as was done here. Pursuant to the Guidance, the AUSA handling the case may stipulate to facts demonstrating that a debt would impose undue hardship and recommend to the court that a debtor's student loan be discharged if three conditions are satisfied: (1) the debtor presently lacks an ability to repay the loan; (2) the debtor's inability to pay the loan is likely to persist in the future; and (3) the debtor has acted in good faith in the past in attempting to repay the loan. *See generally*, Guidance p. 1. These factors generally align with the *Brunner* standard, which governs the dischargeability of student loans in adversary proceedings. *Brunner v. New York State Higher Education Services Corp*., 831 F.2d 395 (2d Cir. 1987); *In re Thomas*, 931 F.3d 449 (5th Cir. 2019).

To assist the AUSA handling the case in evaluating these factors, the debtor is asked to

provide relevant information by completing an attestation form (Attestation). The Attestation requests information about each of the three factors. The Attestation form is available on the DOJ website and this information has been provided to the Plaintiff. *See* Guidance, Appendix A (Attestation form), *available at* https://www.justice.gov/civil/media/1316521/dl?inline. The DOJ attorney may seek additional documents and evidence where necessary to support representations in the Attestation. *Id*. After the AUSA has received sufficient information and documentation to make a recommendation to Education, the DOJ and Education will determine whether or not to consent to a discharge and stipulate to a judgment that the federal student loans at issue are dischargeable.

The Plaintiff filed this adversary proceeding seeking a determination as to the dischargeability of the debt owed by the Plaintiff to the Defendant, U.S. Department of Education under Bankruptcy Code § 523(a)(8). (Doc. 1). Plaintiff has indicated, through counsel, that she is interested in taking advantage of this process and will submit an Attestation for review. Upon review, additional documents may be needed for review by the Defendant to make a determination of discharge. A stay of this adversary proceeding pending initiation and, if possible, completion of this process would conserve judicial resources. The stay would permit Plaintiff to complete their Attestation and provide any additional documents requested, and depending on when they are submitted, allow time for Defendant to consider the Attestation, any additional documents requested, whether further documents are necessary from Plaintiff in connection with the Attestation review, and what position to take in this lawsuit. The motion is made in good faith and not to prejudice any party or to undue delay proceedings.

The parties agree and jointly move the Court for a stay of proceedings to January 4, 2027, and request that the Court set a status conference on January 4, 2027 at 1:30 pm, in lieu of trial

docket call. Should the attestation and review process be completed, or if additional time is needed to complete the attestation process, the parties agree that they will file a status report with the Court and/or request additional time.

Dated: August 18, 2026.

Respectfully submitted,

*For Plaintiff:*

*/s/ Clayton L. Everett*
Clayton L. Everett
State Bar No. 24065212
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com

*For Defendant:*

Ryan Raybould
United States Attorney

*/s/ David G. Adams*
David G. Adams
Assistant United States Attorney
State Bar No. 00793227
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Fax: 214-659-8807
david.adams4@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. Bankruptcy Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ David G. Adams*
David G. Adams
Assistant United States Attorney